FILED
United States Court of Appeals
Tenth Circuit

March 30, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JORDAN M. WILKINS,

        Plaintiff - Appellant,

v.

MIDTOWN CHEVRON, K&H
ENTERPRISES, CHARLES
HUNSAKER, SUSAN KETCHUM,

        Defendants - Appellees.

No. 09-4142

(D. Utah)

(D.C. No. 2:08-CV-01000-DS)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this court has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Jordan M. Wilkins, proceeding pro se, appeals the district court's dismissal

of the civil rights complaint he brought pursuant to Title VII of the Civil Rights

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Act of 1964, 42 U.S.C. § 2000e et seq.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291,[1] this court **affirms**.

In his complaint, Wilkins alleged the discriminatory acts which were the basis of his suit were as follows: "I've got a file full of things about this."  As the factual basis supporting his claim of discrimination, Wilkins simply alleged he "wasn't treated right while under employment, it's all in the report to the Labor Commission."  In light of these exceedingly Spartan allegations, the district court concluded that even liberally construed, Wilkins Title VII complaint failed to state a valid claim of discrimination.  *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (holding that allegations in a complaint "must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief"); *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007) (noting generally that to state a valid Title VII claim of disparate treatment, a plaintiff must allege sufficient facts to demonstrate (1) he is a member of a protected class; (2) he suffered an adverse employment action; and (3) the adverse

---

[1]Midtown Chevron's Motion to Dismiss Appeal is hereby **DENIED**. Although the district court granted Midtown Chevron's motion to Dismiss Wilkins's complaint on June 10, 2009, that judgment was not set out in a separate document.  Fed. R. Civ. P. 58(a).  Thus, the judgment did not become final until 150 days after the entry on the docket of the district court's order granting Midtown Chevron's motion to dismiss.  Fed. R. Civ. P. 58(c)(2)(B).  Accordingly, Wilkins's July 20, 2009, notice of appeal was timely filed.  Fed R. App. P. 4(a)(1), (2), (7).

employment action took place under circumstances giving rise to an inference of discrimination).

This court reviews de novo the district court's grant of a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009). Here, even assuming the truth of each allegation in Wilkins complaint, the complaint does not state a valid Title VII claim.[2] Thus, we **AFFIRM** the district court's order of dismissal for substantially those reasons set out in the order of dismissal dated June 10, 2009.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[2]After Midtown Chevron filed its Rule 12(b)(6) motion to dismiss, Wilkins filed an amended complaint. The district court struck the amended complaint pursuant to Fed. R. Civ. P. 15(a) because Wilkins had not previously obtained leave of court or consent of Midtown Chevron. This court need not determine whether the district court's decision to strike Wilkins's proposed amended complaint amounts to an abuse of discretion, *Hertz v. Luzenac Group*, 576 F.3d 1103, 1117 (10th Cir. 2009), because the proposed amended complaint does not rectify the deficiencies that justified dismissal of the original complaint. In particular, even construed liberally, the proposed amended complaint does not allege any action that could amount to an adverse employment action and the three isolated instances of alleged improper conduct on the part of Midtown Chevron employees are simply not sufficient, under any standard, to state a claim of hostile work environment.